**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL PRACHASITTHISAK, GURDHIAN SINGH, EIMEAR KENNY, LAURA KRAMER, SANDRA RIVERA, & MAGGIE DUNAJ, on behalf of themselves and all other similarly situated persons, known and unknown** | ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **No. 1:20-cv-03483** |
| **vs.** | ) ) | **Hon. Judge John J. Tharp, Jr.** |
| **LOCKE TRANSPORTATION, INC., TERESA LOCASCIO,** individually, | ) ) ) ) | **Hon. Magistrate Judge Young B. Kim** |
| **Defendants.** | ) ) | |

<u>JOINT MOTION FOR APPROVAL OF SETTLEMENT</u>
<u>AND DISMISSAL OF COMPLAINT</u>

Plaintiffs, Michael Prachasitthisak, Gurdhian Singh, Eimear Kenny, Laura Kramer, Sandra Rivera, Maggie Dunaj, Gene Ciesco, Yvette Andrade, and Gaby Avitia ("Plaintiffs"), and Defendants, Locke Transportation, Inc. ("Locke") and Teresa Locascio, individually (collectively, "Defendants"), jointly move this Court under FRCP 41(a)(2) to approve their settlement of the Fair Labor Standards Act claims alleged in the Amended Complaint in the above-entitled matter and dismiss the case pursuant to the terms of their Settlement and Release Agreements. The parties contend that the proposed settlement resolves bona fide disputes concerning Plaintiffs' entitlement to overtime compensation, is fair and equitable to all parties concerned, and contains an award of reasonable attorney fees, as provided below.

<u>Bona Fide Dispute</u>

1.      Nature of the Dispute

Plaintiffs Prachasitthisak, Singh, Rivera, Dunaj, Ciesco, and Andrade were dispatchers for

Defendants. Plaintiffs Kenny worked as a clerk and then as a fleet manager. Plaintiff Kramer worked in several capacities, some concurrently, as intermodal logistics coordinator, equipment manager, and as a customer service representative. Plaintiff Avitia performed data entry duties. They all, respectively, allege they were made to regularly work in excess of forty (40) hour workweeks for straight-time pay. As a result, Plaintiffs allege violations of federal, state, and city overtime pay laws, seeking to recover unpaid overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), and Chicago Minimum Wage Ordinance, Chicago, Ill. Municipal Code, § 1-24 *et seq.* ("CMWO"). Several of the Plaintiffs also allege violations of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.* ("IWPCA"), for non-payment of agreed and earned bonuses (Prachasitthisak and Singh), failure to pay final paychecks in full (Andrade, Singh, and Dunaj), failure to pay earned and accrued paid time off (Prachasitthisak and Kenny), and for breach of employment agreements/terms of agreed compensation (Kenny and Singh).

2.      The Employer's Business

Defendant, Locke Transportation, Inc. ("Locke") is an over-the-road freight carrier who specializes in the transportation of refrigerated goods. Locke's mission is to provide reliable warehouse and transportation services and solutions at competitive pricing. Locke employs truck drivers, dispatchers, and various other employees.

3.      Reasons for Disputing Plaintiffs' Claims

Defendants dispute Plaintiffs' eligibility for overtime pay, asserting the administrative exemption as the basis for why Plaintiffs were not paid overtime wages. There were substantial disputes as to the levels of discretion exercised by the dispatcher Plaintiffs in the performance of their duties, and whether the discretion afforded to them was of the type that would justify the application of the administrative exemption. In particular, the parties identified that the duties of

Plaintiffs Kenny and Kramer were such that Defendants possessed a strong chance of overcoming their claims for unpaid overtime wages. Defendants further assert that to the extent there were underpayments in Plaintiffs' hours worked, they were made in good faith and there were no deliberate violations of the FLSA, IMWL, or CMWO.

4.      Plaintiffs' Justification for Their Wage Claims

Plaintiffs asserts that they regularly worked in excess of forty (40) hours per week, were paid straight time for all hours worked, and that they were not subject to any exemptions from overtime pay requirements under state or federal law. Plaintiffs assert that with respect to the administrative exemption, that their duties, respectively, were did not constitute the performance of office or non-manual work directly related to the management or general business operations of the employer, and that they lacked the ability to exercise discretion and independent judgment with respect to matters of significance.

5.      Estimate of Hours Worked and Rate of Pay

The Parties agree that Defendants' records as to Plaintiffs' respective hours worked are adequate and reliable. Their rates of pay are not in dispute. There are, however, questions as to the paid vacation days owed to certain Plaintiffs, and questions as to the accuracy of Defendants' recordkeeping on those hours.

<u>Fair and Reasonable</u>

The parties' negotiated settlement is fair and reasonable based on the factors articulated in *Grove v. ZW Tech, Inc.*, 2012 WL 1789100 (D. Kan. May 17, 2012). The Parties engaged in extensive settlement discussions, which have included the exchange of evidence in support of their positions and considerable debate about the sufficiency of that evidence relative to their respective positions.

Serious questions of law and fact exist in this matter. As discussed earlier, Defendants' asserted justification for the non-payment and ineligibility for overtime pay, the applicability of the

administrative exemption to the FLSA's overtime pay requirements, presents a legitimate risk to the Plaintiffs' ability to establish liability at trial. The parties engaged in a lengthy period of written discovery, which included the exchange of pay records, and extensive ESI discovery into email correspondence pertaining to the Plaintiffs' duties and the discretion afforded to them in the performance of their respective jobs. This also included Plaintiff serving, and Defendants answering several requests for admissions of fact and genuineness of documents. Defendants' answers to those requests also presented disputes between the Parties as to Plaintiffs' eligibility for overtime pay. The Parties have also considered whether witnesses, namely, Defendants' other office or administrative staff, would corroborate Plaintiffs' allegations. The Parties recognize that both the weight of that evidence and the credibility of their respective witnesses will be subject to evaluation and determination by the Court, which could reasonably interpret it and find in favor of either party.

In determining the amount of the settlement, the Parties also considered impact of Defendants' timekeeping records, as well as whether there was any evidence that Defendants acted willfully and not in good faith. The payments made to each Plaintiff take into account the hours worked by each Plaintiff, and provide compensation for each hour worked at their regular hourly rates/paid as straight time, and contain additional compensation to account as a measure of penalties that would potentially be awarded at trial under either the FLSA or IMWL. The compromise as to the measures of penalties paid to each Plaintiff, a reduction from the maximum recoverable penalties at trial, reflects the risk to both parties if the case were to move forward into oral discovery and, potentially, to trial. The Parties thus believe that the amount of the settlement constitutes a fair and reasonable resolution of the dispute in consideration of both the law and evidence. The parties agree, further, that because the time records were not in dispute, the amounts of each Plaintiff's settlement accurately and adequately compensate them for any overtime hours worked, as well as compensating those Plaintiffs with IWPCA claims for any additional unpaid wages that they allege are owed.

<u>Attorneys' Fees</u>

The settlement includes payment of $75,000.00 as reimbursement of Plaintiffs' costs and attorneys' fees. The Parties consider this amount fair and reasonable, especially given that they were able to resolve the dispute before engaging in oral discovery (the parties reached a settlement just days before their depositions were scheduled to begin). The work performed also included a contested motion for conditional certification, a lengthy opt-in period during which the opt-ins to be contacted had to be revised twice, and an extensive period of written discovery and related Rule 37 discussions regarding the adequacy of the parties' responses. Exhibit 1 (sealed), the final counteroffer provided by Defendants, provides a detailed breakdown of the damages awarded to each Plaintiff, as well as the overall attorneys' fees awarded.

THEREFORE, in recognition of the above, the Parties hereby submit for review the Settlement and Release Agreements entered into between Plaintiff and Defendants (Exhibits 2 – 10) and request the Court to approve the proposed Agreement and enter an Order (Exhibit 11) approving the Agreement and dismissing the Complaint, with prejudice, the Agreement reflecting a fair and reasonable resolution of bona fide disputes over Plaintiff's entitlement to overtime compensation, attorney fees and penalties under the FLSA and IMWL.

Respectfully submitted this 24 day of February 2022.


<u>/s/ Max Phillip Barack</u>
Attorney for Plaintiff
The Garfinkle Group, LLC
6252 N. Lincoln Avenue, Suite 200
Chicago, IL 60659

<u>/s/ Samuel Tallman</u>
Attorney for Defendants
Clark Hill, PLC.
130 E. Randolph Street, Suite 3900
Chicago, IL 60601

<u>CERTIFICATE OF SERVICE</u>

I, Max Barack, hereby certify that on <u>February 24, 2022</u>, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


<u>/s/       Max Barack</u>
One of the Plaintiffs' Attorneys

The Garfinkel Group, LLC
(Lead Attorney) Max Barack
max@garfinkelgroup.com
Haskell Garfinkel
haskell@garfinkelgroup.com
6252 N. Lincoln Avenue
Suite 200
Chicago, IL 60659
(312) 736-7991